## John P. Sedwick v. T. J. Carlew.

### (No. 930.)

LIEN, MECHANIC'S.— A material-man's lien based on open account, and filed subsequent to a deed of trust, creates no lien where property is sold under deed of trust.

APPEAL from McLennan county. Opinion by WALKER, J.

STATEMENT.— The plaintiff's claim of lien as a material-man is based on an open account and affidavit to the same recorded January 4, 1875. The deed of trust under which Carlew claims was recorded April 28, 1871. The defense set up by Carlew was that he purchased the premises in controversy, which are sought by plaintiff to be subjected to the lien of the plaintiff, at a sale made March 7, 1876, under the above-named deed of trust; that he paid $1,230 cash, gold coin, for the property, and received a deed from the trustee, and went into possession of the property; that the lien created by said deed of trust was prior to any pretended lien of

plaintiff. The assignments of error do not otherwise call in question the correctness of the judgment than in respect to the supposed exclusiveness and superiority of the plaintiff's lien for material furnished in making the improvements, over a valid, subsisting anterior lien on the property, which had been repaired or improved with such materials.

OPINION.— The appellant maintains that such is the character of his lien by virtue of the second proviso of the first section of the statute of 1839. Paschal's Digest, article 4592. This gives a lien only to master-builders and mechanics whose contracts for service or material shall be reduced to writing, and its benefits are not extended to open accounts for such service or material, and it cannot be invoked to render it equally applicable to the act of November 17, 1871, regulating mechanics', contractors', builders' and other liens. Articles 7112 and 7116, Paschal's Digest, subsequently enacted, provides for liens of this character in respect to verbal and written contracts. Phillips on Mechanics' Liens, secs. 11, 20; McKim v. Mason, 3 Md. Ch. Rep., 186; Rees v. Ludington, 13 Wis., 276; Jessup v. Stone, id., 466. We conclude that there is no error and that the judgment ought to be affirmed.